MARTÍNEZ, PETITIONER, *v.* CROSAS, DISTRICT JUDGE, RESPONDENT.

Petition for a Writ of Certiorari to the District Court of Aguadilla in a Prosecution for Attempted False Representation.

### No. 293.—Decided July 16, 1920.

REPRESENTATION BY COUNSEL—GRAND JURY—CHALLENGES.—When a case is to be submitted to the grand jury for investigation and the defendant has been summoned to be present at the drawing of the panel, he cannot be deprived of his right to make his challenges by counsel, and to deprive him of this privilege when claimed vitiates subsequent proceedings.

The facts are stated in the opinion.

The petitioner appeared *pro se.*

The *Fiscal* appeared for the respondent.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The Bill of Rights contained in our Organic Act provides "that in all criminal prosecutions the accused shall enjoy the right to have the assistance of counsel for his defense."

Sections 3, 4, 5, 8, 9 and 52 of the Grand Jury Law read as follows:

"Section 3.—That the drawing for the Grand Jury shall be

carried out in open court by the secretary of the court, after having cited the *fiscal* and those defendants whose cases are to be submitted to the Grand Jury for investigation, at least five days in advance of the date of the drawing. Wherever applicable sections 199, 200, 201, 202, 203, 204 and 205 of the Code of Criminal Procedure shall govern said drawing and formation of the Grand Jury.

"Section 4.—That all challenges to the Grand Jury shall be made at the time of the drawing, and at any time before the Grand Jury is impanelled and sworn.

"Section 5.—That The People and any of the defendants summoned may challenge the entire panel of the Grand Jury or any individual juror. The court shall instruct the defendants as to the time and manner of exercising this right."

"Section 8.—That the challenges mentioned in the two preceding sections shall be interposed and decided in the same manner as challenges to the petit jury.

"Section 9.—Any challenge not interposed within the time and in the form provided by this Act, shall be considered as waived."

"Section 52.—The indictment must be set aside by the court upon motion of the defendant made at the time of the reading of the indictment, in any of the following cases:

"1. Where it is not found, indorsed or presented as prescribed in this Act;

"2. When a person has been permitted to be present during the deliberations of the Grand Jury in the case under consideration except as otherwise provided by this Act;

"3. When the defendant has good ground for challenge either to the panel or any individual juror and has not been summoned for the drawing of the jury in the manner and at the time provided by this Act;

"4. When the names of the witnesses examined before the Grand Jury, or whose depositions may have been read before them, are not inserted at the foot of the indictment or indorsed thereon."

The question that prompted the issuance of the writ herein is whether or not an accused whose case is to be submitted to the Grand Jury for investigation and who has been cited to attend the drawing may be denied the privilege of making his challenges through counsel.

At the hearing no light whatever was thrown on this proposition by either the petitioner or the *fiscal*.

It appears that after the *fiscal* had examined the jurors in regard to their qualifications the court below instructed the defendants present as to their right to challenge either the panel or any individual juror; that thereupon the attorney for one of such defendants, petitioner herein, asked leave to make the challenges on behalf of his client, and that this request was denied by the court upon the ground that, the proceeding being a mere investigation, accused cannot appear by counsel. This ruling was duly excepted to.

It has been said that "the constitutional right of accused to be confronted by the witnesses against him and to be represented by counsel has reference to the trial only and is not infringed by preliminary proceedings." 16 C. J. 287.

As illustrating the modern tendency in matters of this kind, however, at page 324 of the same volume we find that—

"In the absence of a statute a person accused of an offense is not entitled as of right to representation by counsel upon his preliminary examination. At the present day, however, in most if not all of the States, accused is entitled to the services of counsel upon his preliminary examination, and such counsel, as well as the prisoner, has the right to be present at the examination of witnesses."

Somewhat more to the point is the following:

"There is also considerable *dicta* to the effect that when the objection to the Grand Jury's organization relates to the competency of a grand juror, it may be made, before indictment found, by an *amicus curiae*." 12 Ruling Case Law, 1028, § 15.

"Doubtless the court may permit an *amicus curiae* to suggest an imperfection in the impanelling." 2 Bishop's New Criminal Procedure, page 674, § 877.

Moreover, as pointed out in the volume last mentioned at page 675, § 881, "the causes for challenge are numerous" and "the seemingly general right is more or less judicially

and by statutes restricted, and there are, as to it, some nice questions.''

Also, as a general rule, ''the formalities for the selection, organization and doings of the Grand Jury are things separable from the judicial jurisdiction and other like fundamentals; so that defendants can waive irregularities therein, and they do waive any one whereof they have knowledge if they fail to object thereto promptly, or at the first step in the cause permissible.'' *Idem,* 670, section 872.

The Petit Jury as an insular institution is yet in its infancy. The Grand Jury is just beginning to function. This is the first case before the court involving the operation of the law approved June 18, 1919, ''establishing the Grand Jury and regulating the proceedings, powers and duties thereof, determining the form of indictments by the Grand Jury, the presentation and reading of the same, and the proceedings subsequent to the presentation.'' To deprive the accused of the aid of counsel in challenging either the array or the polls in the present experimental stage of this most recent innovation would rob the defendant, in the great majority of cases, of all practical benefit to be derived from the right to make such challenge at all.

That the Legislature attached some importance to the right in question and that the requirement contained in section 3 of the law is not merely directory, would seem to follow from section 52, *supra,* and the other provisions already quoted. The theory that a defendant may not avail himself of the technical knowledge of his counsel in exercising the right expressly conferred upon him would place upon the full exercise of that right restrictions that not only do not appear to have been in the mind of the Legislature, but are wholly inconsistent with the spirit of the legislative enactment in question.

In any event, until and unless some sound reason be sug-

gested to support a different ruling, we are constrained to hold that a defendant may appear and make such challenges by attorney as well as in person, and that to deprive him of this privilege when claimed vitiates the subsequent proceedings.

The proceedings complained of must be annulled.

*Proceedings set aside.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.